(4)

FILED
JUN -1 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 07-20656-C-7 |
| ) | |
| LAWRENCE EDWIN JENKINS and ) | MC No. TJS-1 |
| JODI ANN JENKINS ) | |
| ) | |
| Debtors. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR
PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

## Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtors filed their voluntary chapter 7 petition on

36

Case 07-20656   Filed 06/01/07   Doc 36

February 1, 2007. They scheduled real property commonly known as 868 Bransford Court, Fairfield, CA 94533 ("property") as property of the estate. The first meeting of creditors was held on March 13, 2007. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtors.

On March 16, 2007, WMC Mortgage Corporation ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. The fair market value of the property is approximately $435,000.00. Movant has a lien on the property in the approximate amount of $77,410.46. There are other liens against the property in the approximate amount of $308,000.00.

At the hearing on the motion on April 10, 2007, debtor opposed the motion, asserting that the statements in the moving papers were false. The hearing on the motion was continued to May 8, 2007 to determine whether to have an evidentiary hearing. By stipulation and court order, the hearing on May 8, 2007 was rescheduled to May 29, 2007 due to the debtor's counsel being summoned for jury duty on that date. In this interim, debtors were granted a discharge from all dischargeable debts on May 18, 2007.

Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtor <u>in personam</u>

expires when the debtor is granted a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtors appear to have equity in the property, since the debtors were granted a discharge, the automatic stay has expired as to the debtors. Thus, the motion insofar as it is directed at the interest of the debtors is moot and will be denied.

However, the motion will be granted as to the interest of the trustee.

An appropriate order will issue.

Dated: June 1, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Lawrence Edwin Jenkins
Jodi Ann Jenkins
868 Bransford Court
Fairfield, CA 94533

Harry D. Roth, Esq.
803 2nd Street, #D
Davis, CA 95616

Timothy J. Silverman, Esq.
Solomon, Grindle, Silverman & Spinella
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, CA 92130

Hank Spacone
P.O. Box 255808
Sacramento, CA 95865

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 6/4/07

_____
Deputy Clerk